# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**RENARD TRUMPLER,**

    Petitioner,

vs.                                                            **CASE NO. 1:09CV222-MMP/AK**

**WALTER MCNEIL,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Renard Trumpler. At the time this proceeding was instituted, Petitioner was incarcerated at Holmes Correctional Institution, which is located within the Northern District of Florida. He challenges his conviction out of the Circuit Court of Clay County, Florida, which is within the United States District Court for the Middle District of Florida. Jurisdiction is therefore appropriate in either this district or in the Middle District of Florida, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d).

The district of conviction would appear to be the most convenient for witnesses should an evidentiary hearing be necessary, and therefore, transfer of this cause to the Middle District is appropriate. Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge to conviction); Parker v. Singletary, 974 F.2d 1562, 1582, n. 118 (11th Cir. 1992) (courts should give careful consideration to convenience of witnesses in transferring habeas corpus petitions under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this __19th__ day of October, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**