UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RENARD B. TRUMPLER,

Petitioner,

vs.                                    Case No. 3:09-cv-1154-J-20TEM

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

Respondents.

## ORDER

### I. Status

Petitioner Renard B. Trumpler initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on October 15, 2009. In the Petition, Trumpler challenges a 2008 state court (Clay County, Florida) judgment of conviction for armed robbery on two grounds. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Response to the Petition (Response) (Doc. #27); Exhibits (Resp. Ex.). On February 9, 2010, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #11), admonishing Petitioner regarding his obligations and giving

Petitioner a time frame in which to submit a reply. Petitioner submitted a brief in reply on January 20, 2012. See Petitioner's Response to Respondents' Show Cause Order (Reply) (Doc. #29). This case is ripe for review.

## II. Procedural History

On June 15, 2007, Trumpler was charged with armed robbery. Resp. Ex. 2 at 9, Information. Trumpler entered a plea of guilty on December 5, 2007. Resp. Ex. 1 at 6-10, Petition to Enter Plea of Guilty; 32-42, Transcript of the Plea Proceeding (Plea Tr.). On January 22, 2008, the trial court adjudicated Petitioner guilty of armed robbery and sentenced him to twenty years of imprisonment with a minimum mandatory term of ten years under Florida's 10-20-Life statute.[1] Resp. Ex. 1 at 26-31, Judgment; 42-64, Transcript of the Sentencing Proceeding (Sentencing Tr.). Petitioner did not appeal his conviction and sentence.

On March 14, 2008, Trumpler filed a pro se motion to mitigate his sentence, in which he requested that the trial judge reduce his sentence due to the needs of his two children and their mother. Resp. Ex. 2 at 37-39. The trial court, on March 20, 2008, denied the motion. Id. at 41.

On April 25, 2008, Trumpler filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion), in which he asserted that his counsel was

---

[1] See Fla. Stat. § 775.087(2)(a)1 (2008).

2

ineffective for failing to properly advise him as to the maximum amount of time he would receive by entering an open plea to the trial judge and that counsel advised him that he would receive a maximum of ten years, thus rendering his plea involuntary. Resp. Ex. 1 at 1-11. Additionally, Trumpler filed a supplemental Rule 3.850 motion, in which he raised a second ground, asserting that counsel was ineffective for failing to investigate speedy trial violations. Id. at 14-15. On December 19, 2008, the trial court denied the two grounds raised in the Rule 3.850 motion and supplemental motion. Id. at 17-20. The appellate court affirmed the denial per curiam on May 28, 2009, see Trumpler v. State, 13 So.3d 61 (Fla. 1st DCA 2009); Resp. Ex. 4, and denied Trumpler's motions for rehearing, see Resp. Exs. 5; 6; 7. The mandate issued on August 11, 2009. Resp. Ex. 8.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual

allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Id</u>. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

### V. Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d). This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." <u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2003).
>
> As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:
>
>> A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context. An

4

> application of federal law cannot be
> considered unreasonable merely
> because it is, in our judgment,
> incorrect or erroneous; a state
> court decision must also be
> unreasonable. Questions of law and
> mixed questions of law and fact are
> reviewed de novo, as is the district
> court's conclusion regarding the
> reasonableness of the state court's
> application of federal law.
>
> Jennings v. McDonough, 490 F.3d 1230, 1236
> (11th Cir. 2007) (quotation marks and
> citations omitted). In sum, "a federal habeas
> court making the 'unreasonable application'
> inquiry should ask whether the state court's
> application of clearly established federal law
> was objectively unreasonable." Williams, 529
> U.S. at 409, 120 S.Ct. at 1521. Finally, 28
> U.S.C. § 2254(e)(1) commands that for a writ
> to issue because the state court made an
> "unreasonable determination of the facts," the
> petitioner must rebut "the presumption of
> correctness [of a state court's factual
> findings] by clear and convincing evidence."[2]
> 28 U.S.C. § 2254(e)(1).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir.), cert. denied, 131

S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an

adjudication on the merits, so that the state court's determination

will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the

claim on the merits, not an opinion that explains the state court's

---

[2] This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

rationale for such a ruling. Harrington v. Richter, 131 S.Ct. 770, 785 (2011) (holding that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.

6

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[3] A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

Harrington, 131 S.Ct. at 787-88.

The two-part Strickland test applies to ineffective assistance claims concerning both the decision to accept a guilty plea offer and the decision to forgo a plea offer and stand trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward, 592 F.3d at 1163 (citation omitted). "Surmounting Strickland's high bar is never an easy task." Harrington, 131 S.Ct. at 788 (quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)).

A state court's adjudication of an ineffectiveness claim is accorded great deference. "The standards created by Strickland and

---

[3] In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, Petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

§ 2254(d) are both 'highly deferential,' [Strickland], at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, Knowles[4], 556 U.S., at ----, 129 S.Ct. at 1420." Harrington, 131 S.Ct. at 788.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009); see also Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision.").

---

[4] Knowles v. Mirzayance, 129 S.Ct. 1411 (2009).

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Trumpler argues that counsel (Ms. Anjna Chauhan) was ineffective because she failed to properly advise him as to the maximum amount of time he would receive upon entering the open plea to the trial judge. In support of Trumpler's assertion, he alleges:

> Counsel advised Defendant he would receive a maximum of 10 years, rendering Defendant's plea involuntary. The Defendant asserts that counsel gave him a petition to enter a plea of guilty to the charged offense.[5] The petition is a three-part document with 25 paragraphs. Counsel placed a check mark beside each paragraph that pertained to him. On paragraph 6 of this petition, counsel placed a check mark and wrote 10 years as being the maximum sentence possible for the charge. On part two of paragraph 6, counsel wrote 10 years as being the minimum sentence, but failed to place a check mark. On part 2 of the petition is the plea agreement[6] and no check mark is placed on it, but it is signed by the Defendant, the defense counsel, and the judge. The trial court used the plea colloquy to refute the Defendant's claim.

Petition at 3-4.

As acknowledged by the parties, Petitioner raised this claim in his Rule 3.850 motion. Identifying the two-prong Strickland

---

[5] See Resp. Ex. 1 at 6.

[6] See Resp. Ex. 1 at 8-9.

ineffectiveness test as the controlling law, the trial court[7] denied the Rule 3.850 motion with respect to this issue, stating in pertinent part:

> In the Defendant's first ground for relief, he alleges defense counsel was ineffective for telling the Defendant that the maximum sentence he could receive was ten years incarceration rather than a possible life sentence. In the Defendant's second ground for relief[,] he alleges defense counsel was ineffective for failing to investigate speedy trial violations. When questioned on the record at the plea hearing, the Defendant answered affirmatively to questions asking if he understood the maximum sentence he could receive was life in prison, and that he was satisfied with defense counsel. (Exhibit "C," pages 3-4, 6.) Additionally, the Defendant stated under oath at two separate hearings that he was not promised any type of sentence. (Exhibits "C," page 5; "D," page 17.)
>
> This Court finds the Defendant acknowledged under oath that he understood the maximum possible sentence, and was satisfied with the work defense counsel did on his case. A defendant may not seek to go behind his sworn testimony at a plea hearing in a post conviction motion. Stano v. State, 520 So.2d 278 (Fla. 1988); Dean v. State, 580 So.2d 808 (Fla. 3d DCA 1991); Bir v. State, 493 So.2d 55 (Fla. 1st DCA 1986). The Defendant has failed to establish error on the part of defense counsel or prejudice to his case. Strickland, 465 U.S. 668. The Defendant's first and second grounds for relief are denied.

---

[7] The Honorable William A. Wilkes was the trial judge who accepted Trumpler's plea of guilty and sentenced him. See Plea Tr.; Sentencing Tr.; Resp. Ex. 1 at 9. Moreover, Judge Wilkes denied the Rule 3.850 motion and supplement, see Resp. Ex. 1 at 19, and the motion to reduce his sentence, see Resp. Ex. 2 at 41.

Resp. Ex. 1 at 18-19. Upon Petitioner's appeal, the appellate court affirmed the trial court's denial per curiam.

Assuming the appellate court affirmed the denial of the Rule 3.850 motion as to this claim on the merits, there are qualifying state court decisions. Therefore, this claim will be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA. After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.[8]

Alternatively, if the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is, nevertheless, without merit. The record supports the trial court's conclusion. As previously explained, Trumpler entered a plea of guilty to armed robbery. At the plea hearing, the court

---

[8] Petitioner has neither shown that the state courts' adjudications of the claim were contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, nor that they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

11

inquired as to whether it was "a straight up plea" to the court.

Plea Tr. at 34. Defense counsel affirmed that it was a straight up

plea. Id. Thereafter, the following plea colloquy ensued.

> THE COURT: You have plead guilty through your attorney to armed robbery. Is this a life offense max?
>
> [PROSECUTOR]: Yes, Your Honor.
>
> THE COURT: Have a bottom of 51.15 months to life with a ten-year minimum mandatory? Does it carry that?
>
> [PROSECUTOR]: I believe so, Your Honor.
>
> THE COURT: You understand that you are pleading guilty before me on what we call a life felony and carries a minimum of 51.15 months up to life in prison and may be a ten-year minimum mandatory? I don't know about that.
>
> [PROSECUTOR]: It was filed as 10, 20, life, Your Honor.
>
> THE COURT: All right. You understand that?
>
> THE DEFENDANT: Now I do, yes.
>
> . . . .
>
> THE COURT: Have anyone promised you any type of sentence that you would receive?
>
> THE DEFENDANT: No.

Plea Hearing Tr. at 34-35, 36.

Judge Wilkes also presided over the sentencing on January 22,

2008, at which Trumpler testified and affirmed that the entry of

the plea was a legitimate uncoerced plea and that no one had

promised him anything. Sentencing Tr. at 58. Just before the sentencing, defense counsel stated: "Your Honor, Mr. Trumpler has accepted responsibility. He entered this plea without any sort of idea about what Your Honor would sentence him to." Id. at 63. The court sentenced Trumpler to twenty years of imprisonment with a minimum mandatory term of ten years under Florida's 10-20-Life statute. Id. at 64.

In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted). Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003).

The United States Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong

13

presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74
(1977). Moreover, "[a] reviewing federal court may set aside a
state court guilty plea only for failure to satisfy due process: If
a defendant understands the charges against him, understands the
consequences of a guilty plea, and voluntarily chooses to plead
guilty, without being coerced to do so, the guilty plea . . . will
be upheld on federal review." <u>Stano v. Dugger</u>, 921 F.2d 1125, 1141
(11th Cir.) (en banc), <u>cert</u>. <u>denied</u>, 502 U.S. 835 (1991).

Even assuming arguendo deficient performance by defense
counsel, Petitioner has not shown prejudice. It is noteworthy
that, after Trumpler entered the guilty plea and was sentenced, he
did not move to withdraw the plea within thirty days, as Florida
Rule of Criminal Procedure 3.170(l) permits. Instead, within the
permitted sixty-day period, Trumpler filed a motion to mitigate
sentence under Florida Rule of Criminal Procedure 3.800(c). <u>See</u>
Resp. Ex. 2 at 37-39. In that motion, Trumpler did not argue that
his lawyer had misadvised him as to the maximum sentence he faced,
but rather Trumpler asked the judge to reduce his sentence to ten
years in prison based on the needs of his minor children and their
mother. Judge Wilkes denied that motion. <u>Id</u>. at 41.

Upon the judge's request at the plea hearing, the State set
forth the factual basis for the crime:

> The state's evidence would show that on
> or between May 26th and May 27th, 2007 in Clay
> County, Florida this defendant, Renard
> Bonterell Trumpler did carry a firearm and did

14

unlawfully by force, violence, assault or putting in fear take money or other property, to wit: a vehicle, the property of Lupita Garcia from the person or custody of Lupita Garcia with the intent to permanently or temporarily deprive Lupita Garcia of the money or other property and during the commission of the aforementioned robbery the said Renard Bonterell Trumpler did actually possess a firearm contrary to provisions of section 812.1 sub-section 2-A and 775.087 sub-section 2-A1 Florida Statutes.

Essentially, Your Honor, this was an armed carjacking committed by this defendant and approximately three other individual defendants [who] gave a confession that he did car jack this family. It was a husband, wife and their 18-[month[9]] old child.

He is alleged to have pointed the gun at all three individuals including the infant and he was found to be in possession of a weapon at the time he was arrested.

Plea Tr. at 38-39. Defense counsel had no objection to the factual basis for purposes of the plea. Id. at 39.

At the sentencing hearing, Trumpler acknowledged his guilt and was remorseful that he permitted drugs to take over his life, which had contributed to his desire to commit the armed robbery. Sentencing Tr. at 57-58, 62-63. The prosecutor explained that Trumpler had given "a full confession to authorities once he was apprehended and he admitted that the reason that he set out to ste[a]l a car was because he wanted to take his girlfriend to and from a party in Palatka and he promised her that he would get a car

---

[9] See Resp. Ex. 2 at 6; Sentencing Tr. at 59.

15

to be able to do that." Sentencing Tr. at 59. With the victims being a pregnant woman, her husband, and their infant baby, the prosecutor described the crime as "an extremely egregious and heinous crime" that "goes beyond words in the state's opinion." Id. at 60.

Thus, Petitioner has not shown a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Indeed, the evidence against Trumpler was overwhelming. And, the victim Lupita Garcia undoubtedly would have testified against him if he had proceeded to trial.[10] Moreover, the jury would have heard about his "full confession." If Trumpler had proceeded to trial and a jury had found him guilty of the armed robbery, he would have faced a life imprisonment.[11] Therefore, Trumpler's ineffectiveness claim is without merit since he has not shown the second prong of the two-part test: prejudice.

## B. Ground Two

As ground two, Trumpler claims that counsel was ineffective because she failed to file a motion for speedy trial or investigate

---

[10] The victims appeared at the sentencing hearing, and Lupita Garcia, who was pregnant at the time of the robbery and speaks better English than her husband, gave the details of the robbery. Sentencing Tr. at 44-47.

[11] Based on the record before this Court, at the time of the plea and sentencing hearings, Trumpler knew and understood that the maximum sentence for the offense was life imprisonment. See Plea Tr. at 34, 35; Sentencing Tr. at 60.

speedy trial violations. He asserts that 175 days had passed, and he was not brought to trial.

Petitioner raised this claim in his supplemental Rule 3.850 motion. Identifying the two-prong Strickland ineffectiveness test as the controlling law, the trial court denied the post conviction motion with respect to this issue. The court stated that Trumpler had acknowledged under oath that he was satisfied with the work defense counsel had done on his case, that a "defendant may not seek to go behind his sworn testimony at a plea hearing in a post conviction motion," and that Trumpler had failed to establish error on the part of defense counsel or prejudice to his case. Resp. Ex. 1 at 19. The court denied on the merits both of the grounds that he had raised. Id. Upon Petitioner's appeal, the appellate court affirmed the trial court's denial per curiam.

Assuming the appellate court affirmed the denial of the post conviction motion as to this claim on the merits, there are qualifying state court decisions. Therefore, this claim will be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA. After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the adjudications based on an unreasonable determination

of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.[12]

Alternatively, if the state courts' adjudications of this claim are not entitled to deference under AEDPA, "his plea of guilty operated as a waiver of all nonjurisdictional defects in the criminal proceeding, including a violation of the right to a speedy trial." U.S. v. Socorro, No. 10-13665, 2011 WL 5903539, *1 (11th Cir. Nov. 23, 2011) (per curiam) (not selected for publication in the Federal Reporter) (citation omitted).

Moreover, Trumpler's ineffectiveness claim is, nevertheless, without merit.[13] The record supports the trial court's conclusion. In Barker v. Wingo, 407 U.S. 514 (1972), the United States Supreme

---

[12] Petitioner has neither shown that the state courts' adjudications of the claim were contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, nor that they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Contrary to Trumpler's contention, see Reply at 6, those adjudications were not contrary to Barker v. Wingo, 407 U.S. 514 (1972).

[13] A speedy trial is guaranteed to the accused by the Sixth Amendment to the United States Constitution and is imposed by the Due Process Clause of the Fourteenth Amendment on the States. Barker v. Wingo, 407 U.S. 514, 515 (1972). The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defense."

Court established a four-part balancing test for determining whether a defendant received a speedy trial within the meaning of the Sixth Amendment. Under Barker, a court must consider: (1) the length of the delay; (2) the reason for the delay; (3) whether, how, and when the defendant asserted his right to a speedy trial; and, (4) whether the defendant has suffered actual prejudice as a result of the delay. Id. at 530; U.S. v. Schlei, 122 F.3d 944, 987 (11th Cir. 1997), cert. denied, 523 U.S. 1077 (1998). They are related factors that must be considered together; no single factor alone is sufficient to find a deprivation of the Sixth Amendment right. Barker, 407 U.S. at 533; Schlei, 122 F.3d at 987 (citation omitted). As a threshold inquiry, a petitioner must demonstrate that the length of the delay is presumptively prejudicial. Barker, 407 U.S. at 530. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Id.

Here, Trumpler has failed to demonstrate that counsel's performance was deficient for failing to file a motion for speedy trial or investigate speedy trial violations. First, the record reflects that Trumpler was arrested on May 27, 2007, see Resp. Ex. 2 at 1, 6, that the parties were engaged in discovery and depositions in June, July, and August of 2007, see id. at 2-3, that defense counsel Chauhan was assigned to the case on August 3, 2007, see id. at 2, and that the pretrial hearings were scheduled from

19

August through December 5, 2007, when Trumpler plead guilty to armed robbery, see id. at 3. Florida Rule of Criminal Procedure 3.191(a) provides that every person charged with a crime shall be brought to trial "within 175 days of arrest if the crime charged is a felony." Trumpler was arrested on May 27, 2007, and he plead guilty 192 days later on December 5, 2007.

Based on this record,[14] counsel's performance was within the wide range of professionally competent assistance since Trumpler did not suffer any unreasonable delay. Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice. Even if counsel had investigated and filed a motion for discharge, such a motion is not automatically granted if 175 days or more days have elapsed. Under Florida Rule of Criminal Procedure 3.191(p)(3), the State has an opportunity to try the case within a set period of days. Accordingly, Trumpler's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

## VII. Conclusion

Upon consideration of the foregoing, the undersigned finds that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard,

---

[14] In Barker, the Court stated: "because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Barker, 407 U.S. at 530-31 (footnote omitted).

20

see <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam)," Petitioner's ineffective assistance claims fail. <u>Knowles</u>, 129 S.Ct at 1420. In the alternative, Petitioner's claims are without merit. Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

## VIII. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u>

<u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED,** and this action is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _____ day of

_____, 2012.

_____
UNITED STATES DISTRICT JUDGE

sc 2/1
c:
Renard Trumpler
Ass't Attorney General (Duffy)